**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

JONATHAN T. GARRETT,

      Plaintiff - Appellant,

  v.

L.E. FLEMING, Warden, United
States Penitentiary, Florence,
Colorado; JOHN D. SMITH, and Six
Unidentified Corrections Officers of
the Administrative Maximum Security
Unit at the United States Penitentiary,
Florence, Colorado; D. B.
WILLIAMS, Lt., in his individual
capacity; T. B. SMITH, Lt., in his
individual capacity; L. TRUJILLO,
Officer, in his individual capacity; J.
BALTAZAR, Officer, in his individual
capacity; D. PIERRE II, Officer, in his
individual capacity; R. RAU, Capt., in
his individual capacity; and GIVENS,
Officer (first name unknown), in his
individual capacity,

      Defendants - Appellees.

No. 03-1143

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 96-Z-1379(BNB)    )**

Submitted on the briefs:

Dennis W. Hartley, Dennis W. Hartley, P.C., Colorado Springs, Colorado, for Plaintiff - Appellant.

John W. Suthers, United States Attorney, and Kathleen L. Torres, Assistant United States Attorney, Denver, Colorado, for Defendants - Appellees.

Before **MURPHY** , **ANDERSON** , and **TYMKOVICH** , Circuit Judges.

**ANDERSON** , Circuit Judge.

Federal prisoner Jonathan Garrett filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics , 403 U.S. 388 (1971). The district court dismissed Garrett's complaint as barred by the applicable two-year statute of limitations. On appeal, Garrett argues (1) that the district court erred by holding that his amended complaints did not relate back to the date of the original complaint under Fed. R. Civ. P. 15(c), and (2) that the court's refusal to toll the statute of limitations under the doctrine of equitable estoppel was an abuse of discretion. For the reasons set forth below, we affirm. [*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

## BACKGROUND

Garrett's civil rights claim, alleging excessive force and denial of medical care by correctional officers, arose out of a July 14, 1995, prison yard incident. Garrett filed his initial complaint pro se on June 12, 1996, naming as defendants Kathleen M. Hawk, then the Director of the Federal Bureau of Prisons, and thirty "John Does," representing correctional officers whose names, according to Garrett, were unknown to him. [1] On August 19, 1996, the district court dismissed Garrett's complaint for failing to exhaust prison administrative remedies, but we reversed the district court's dismissal on October 28, 1997, and remanded for further proceedings. Garrett v. Hawk, 127 F.3d 1263, 1267 (10th Cir. 1997), overruled by Booth v. Churner, 532 U.S. 731, 741 (2001). [2] On September 28, 1998, Garrett, now represented by counsel, filed an amended complaint

---

[1] The record indicates that Garrett addressed initial requests for information concerning the July 14, 1995, incident to both the prison warden and the Federal Bureau of Prisons in late 1995 and early 1996 and was informed that no documents related to the incident could be located. Beginning in June 1998, Garrett submitted another series of information requests to the Federal Bureau of Prisons and was ultimately able to obtain some relevant records.

[2] No party raised the exhaustion issue in light of Booth, and we need not address it here. Cf. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1208 (10th Cir. 2003) (holding that a prisoner's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) does not implicate a court's subject matter jurisdiction).

dismissing Hawk as a defendant and naming C. Fleming, [3] John Smith, and six "John Does" as defendants. On March 30, 1999, Garrett filed a second amended complaint adding D.B. Williams, T.B. Smith, L. Trujillo, J. Baltazar, D. Pierre II, R. Rau, and Officer Givens as named defendants.

Defendants Fleming, T.B. Smith, Trujillo, Pierre, Rau, and Givens filed a joint motion to dismiss on October 18, 1999, asserting that the two-year statute of limitations had expired on Garrett's claim. [4] In response, Garrett argued that his amended complaints naming these defendants related back, under Rule 15(c), to the date of his original complaint, filed within the statutory period, or alternatively, that the statute of limitations should be equitably tolled because the defendants deliberately sought to prevent him from learning their identities within the statutory period. Due to Garrett's presentation of matters outside the pleadings, the magistrate judge construed defendants' motion as a motion for summary judgment and on January 21, 2000, recommended it be granted. The recommendation concluded that Rule 15(c)'s relation back provision did not apply because, as a matter of law, Garrett's lack of knowledge of defendants' names at the time of the original complaint could not satisfy the "mistake" requirement of

---

[3]Garrett was clearly referring here to L.E. Fleming, associate warden of the prison.

[4]The parties do not dispute that Colorado's two-year statute of limitations for personal injury claims applies here, see Colo. Rev. Stat. § 13-80-102, nor that the statute began to run on the date of the prison yard incident, July 14, 1995.

Rule 15(c)(3)(B). Appellant's App., tab 2, at 8. In response to Garrett's equitable tolling argument, the recommendation recognized that Garrett "did experience some difficulties in obtaining the information he requested" but concluded that "[t]here is no evidence . . . that Defendants attempted to conceal their identity such that equitable tolling of the statute of limitations would be appropriate." Id. at 8, 9.

The recommendation further indicated that the parties must file any objections to its conclusions within ten days. Garrett filed an objection on March 8, 2000. The district court recognized that the objection was untimely but addressed its merits "in the interests of justice." Id. tab 3, at 12. The court reached the same conclusions as the magistrate judge and granted the motion to dismiss, adopting the magistrate judge's findings and recommendation.

Based on the district court's ruling with regard to the above defendants, defendants Williams and Baltazar filed a motion to dismiss on December 29, 2000, arguing that Garrett's claims against them were precluded under the statute of limitations and the law of the case doctrine. On November 2, 2001, the magistrate judge recommended granting their motion. On November 7, 2001, Garrett objected on the same bases he had asserted previously. Determining that its June 28, 2000, ruling constituted the law of the case, the district court overruled the objection and granted the motion to dismiss on April 19, 2002.

John Smith, the only remaining defendant, filed a motion to dismiss on May 1, 2002, also asserting law of the case doctrine and the statute of limitations. The magistrate judge recommended granting the motion on February 5, 2003. Garrett filed an objection on February 14, 2003. On March 27, 2003, the district court overruled the objection, granted Smith's motion to dismiss, and ordered the dismissal of Garrett's complaint and cause of action. Garrett brought this appeal.

## DISCUSSION

We review de novo the district court's application of Rule 15(c) to undisputed facts, a "purely legal interpretation." Slade v. U.S. Postal Serv., 875 F.2d 814, 815 (10th Cir. 1989); see also Miller v. Am. Heavy Lift Shipping, 231 F.3d 242, 247 (6th Cir. 2000). We review the district court's refusal to apply equitable tolling for an abuse of discretion. United States v. Clymore, 245 F.3d 1195, 1198 (10th Cir. 2001); Arnold v. Air Midwest, Inc., 100 F.3d 857, 861 (10th Cir. 1996). We address each of these issues in turn. [5]

---

[5]The defendants-appellees argue that because Garrett's objection to the magistrate's first recommendation was untimely, this court's "firm waiver rule" should apply here to preclude appellate review of this case. See Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.), 230 F.3d 1197, 1199-1200 (10th Cir. 2000). However, as indicated above, Garrett's objections to the second and third recommendations were filed within the permissible ten-day period. Further, the district court's June 28, 2000, ruling addressed Garrett's first objection despite its untimeliness, and the district court then considered that ruling as the law of the

(continued...)

Rule 15(c) provides that an amended pleading will relate back to the date of the original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Here, Garrett's substitution of named defendants for the original unknown "John Doe" defendants amounted to adding a new party. See Watson v. Unipress, Inc., 733 F.2d 1386, 1389 (10th Cir. 1984); see also Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam) ("[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."

[5](...continued) case for purposes of responding to the timely second and third objections. Appellant's App., tab 6, at 47; tab 8, at 58. The defendant-appellees cite no authority to suggest that we are precluded from reviewing the underlying reasoning behind the district court's rulings on the second and third objections. To conduct such a review, we must in effect review the June 28 ruling. As we affirm the district court's conclusions in that ruling, application of the firm waiver rule here would be pointless.

(internal quotation marks omitted)).  Thus, all requirements of Rule 15(c)(3) must be met in order for Garrett's amended pleadings to relate back to the date of the original.  Alexander v. Beech Aircraft Corp. , 952 F.2d 1215, 1226-27 (10th Cir. 1991).

As noted above, the district court ruled that the requirements of Rule 15(c)(3) were not satisfied here because, as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B).  We agree with this interpretation of Rule 15(c)(3)(B), which is in line with prevailing law in seven of the eight circuits to have considered this issue.  See Wayne v. Jarvis , 197 F.3d 1098, 1103-04 (11th Cir. 1999);  Baskin v. City of Des Plaines , 138 F.3d 701, 704 (7th Cir. 1998);  Jacobsen v. Osborne , 133 F.3d 315, 321 (5th Cir. 1998); Cox v. Treadway , 75 F.3d 230, 240 (6th Cir. 1996);  Barrow v. Wethersfield Police Dep't , 66 F.3d 466, 470 (2d Cir. 1995),  modified , 74 F.3d 1366 (2d Cir. 1996); W. Contracting Corp. v. Bechtel Corp. , 885 F.2d 1196, 1201 (4th Cir. 1989).  But see Singletary v. Pa. Dep't of Corr. , 266 F.3d 186, 200 (3d Cir. 2001). As the Eleventh Circuit observed, the Advisory Committee Notes to Rule 15(c)(3) indicate that "the mistake proviso [was included] . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'"  Wayne , 197 F.3d at 1103 (quoting

Fed. R. Civ. P. 15(c)(3), Advisory Committee Notes to 1991 Amendment).  Thus, "'the rule is meant to allow an amendment changing the name of a [defendant] to relate back to the original complaint only if the change is the result of'" such a formal defect.  Id. (quoting Barrow, 66 F.3d at 469).  A plaintiff's designation of an unknown defendant as "John Doe" in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address.  We therefore hold that the district court did not err by holding that Garrett's amended complaints did not relate back to the date of his original complaint.    [6]

We also hold that the district court did not abuse its discretion by failing to apply equitable tolling to the statute of limitations.  Here, Colorado's equitable tolling rules apply.    Hardin v. Straub  , 490 U.S. 536, 539 (1989);    Fratus v. DeLand , 49 F.3d 673, 675 (10th Cir. 1995) (applying state tolling rules in § 1983 cases);  see also  Delgado-Brunet v. Clark  , 93 F.3d 339, 342 (7th Cir. 1996) (same, in Bivens case).  Colorado law allows equitable tolling where a defendant "engage[d] in fraudulent concealment of facts pertinent to the existence of a claim."  Garrett v. Arrowhead Improvement Ass'n   , 826 P.2d 850, 853 n.7 (Colo. 1992).  This was the sole basis for tolling asserted by Garrett before the district court.  The district court concluded, however, that Garrett did not meet his burden

_____

[6]Because we hold Rule 15(c)(3)(B) was not satisfied, we need not address the parties' arguments concerning Rule 15(c)(3)(A).

of "furnishing satisfactory proof," id. at 855, that any of the defendants deliberately concealed information from him. Based on the record before us, this conclusion was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the district court's dismissal of this case is AFFIRMED.