**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KENNETH L. ARMBECK,

      Plaintiff-Appellant,

v.

DENVER POLICE DEPARTMENT;
D. QUINONES, Sergeant; D. WILEY,
Officer; CITY OF DENVER;
WELLINGTON WEBB, as Mayor for
the City of Denver; BUTCH
MONTOYA, as Manager of
Department of Public Safety for the
City of Denver; DAVID MICHAUD,
as Chief of Police for the City and
County of Denver,

      Defendants-Appellees.

No. 03-1394
(D.C. No. 99-RB-712 (BNB))
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

Before **KELLY** , Circuit Judge,   **BRORBY** , Senior Circuit Judge, and    **BRISCOE** ,
Circuit Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.
After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Kenneth L. Armbeck, a state prisoner proceeding pro se, appeals from the district court's order granting summary judgment for the defendants on Mr. Armbeck's excessive force claim brought under 42 U.S.C. § 1983. [1] Mr. Armbeck concedes that he filed this action outside the applicable two-year statute of limitations, Aplt. Br. at 11, but asserts that the district court erred by not finding him entitled to equitable tolling. He claims the statute of limitation should be tolled because he suffered a serious head injury that left him too incoherent to realize that his injuries had been wrongfully inflicted, and because the Denver District Attorney's Office misled him into forgoing his right to file suit against the officers who allegedly injured him. He also contends that the district court erred by finding that the defendants had not waived their statute of limitations defense, and by failing to recognize the district court's bias against him.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003). "Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

---

[1] Mr. Armbeck has apparently abandoned his state law claim of assault and battery, and we therefore need not address it. *See United States v. Seminole Nation of Okla.*, 321 F.3d 939, 946 n.5 (10th Cir. 2002) (refusing to address a matter that a party had abandoned on appeal).

law." *Id.*; Fed. R. Civ. P. 56(c). "We review the district court's refusal to apply equitable tolling for an abuse of discretion." *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004). Because Mr. Armbeck is pro se, we construe his pleadings liberally. *Hammons*, 348 F.3d at 1254.

The parties are familiar with the facts and the extensive procedural history underlying this appeal. We therefore restate neither here. We do note, however, that on March 22, 2004, Mr. Armbeck filed with this court a "Motion for Affidavit" that we construe as a motion to supplement the record with the affidavit of Mr. Armbeck's "jailhouse lawyer." Because the affidavit, dated February 4, 2004, was not offered to or considered by the district court, we deny Mr. Armbeck's motion to supplement the record with this material. *See Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1502 n.12 (10th Cir. 1994) (court of appeals' "review of a grant of summary judgment is limited to the record before the trial court at the time it made its ruling"); *accord Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 n.4 (10th Cir. 1993). We likewise deny Mr. Armbeck's motion dated April 19, 2004, asking this court to supplement the record with police reports that were not offered to or considered by the district court. *Id.* Accordingly, neither the affidavit nor the police reports influence our disposition today.

Having carefully considered the parties' briefs, the record, and applicable law, we conclude that the district court correctly decided this case. We therefore AFFIRM its judgment dated August 15, 2003, for substantially the same reasons set forth in its August 8, 2003, order adopting the magistrate judge's thorough and well-reasoned recommendation dated July 3, 2003. R., Docs. 165, 164, 161. We GRANT Mr. Armbeck's motion to proceed without prepayment of costs and remind Mr. Armbeck that he is obligated to continue making partial payments until the fee has been paid in full. All outstanding motions are denied.

Entered for the Court

Wade Brorby
Senior Circuit Judge