**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANK MUNIZ,

          Plaintiff-Appellant,

    v.

BEN CAVAZOS, Correctional
Officer, Central New Mexico
Correctional Facility; NEW
MEXICO DEPARTMENT OF
CORRECTIONS; STATE OF NEW
MEXICO; GARY JOHNSON,
Former New Mexico Governor;
ROBERT PERRY, Former New
Mexico Corrections Secretary;
RONALD LYTLE, Warden,
Central New Mexico Correctional
Facility; BRIAN CULP, Associate
Warden, Central New Mexico
Correctional Facility; CARLOS
TOERS-BIJNS, Associate Warden,
Central New Mexico Correctional
Facility; MAJOR WHITE, Central
New Mexico Correctional Facility;
VICTOR VALLEJOS, Lieutenant,
Central New Mexico Correctional
Facility; PITA FINCHER,
Lieutenant, Central New Mexico
Correctional Facility; JERRY
MARTINEZ, Lieutenant, Central
New Mexico Correctional Facility;
LARRY MARTINEZ, Lieutenant,
Central New Mexico Correctional
Facility; CAPTAIN RUPERT,
Central New Mexico Correctional
Facility; CENTRAL NEW
MEXICO RECEIVING AND
DIAGNOSTIC CENTER-RDC,

No. 07-2054

(D. New Mexico)

(D.C. No. 03-30-MCA/RHS)

unknown named authorized agent; LOUIS SANCHEZ, Classification Officer, Central New Mexico Correctional Facility; Ms. BEN-COMO, Caseworker, Central New Mexico; ELMER BUSTOS, New Mexico Director of Adult Prisons; NEW MEXICO ADULT PRISONS, CENTRAL BUREAU OF CLASSIFICATION - CBC, Unknown named authorized agents; JAMES DICKIE, Former New Mexico State Police Officer,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.[**]

---

Frank Muniz, a New Mexico state prisoner proceeding pro se, appeals the

district court's decision denying his Motion to File Retarded Appeal. Because

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Muniz filed his motion outside the period allowed by Rule 4(a)(6) of the Federal Rules of Appellate Procedure, we affirm the district court's decision.

## I.  BACKGROUND

In January 2003, Mr. Muniz filed this 42 U.S.C. § 1983 action against New Mexico police officers and prison officials alleging that he had been wrongfully accused of bringing contraband into the Central New Mexico Correctional Facility.  He also alleged that prison officials wrongfully removed him from the general prison population, placed him in a disciplinary lockup, and inserted false information in his disciplinary file.

Adopting a magistrate judge's report and recommendation, the district court granted the defendant officials' motion to dismiss and then denied Mr. Muniz's motion to amend the complaint.  The court entered judgment for the defendants on February 11, 2005.

On January 29, 2007, Mr. Muniz filed a "Motion to File Retarded Appeal to Court's Order Denying Plaintiff's Motion to Amend and Adopting Magistrate Judge's Recommended Disposition."  Mr. Muniz stated that he had not received the district court's rulings and entry of judgment.  As a possible explanation for the failure to receive the court documents, Mr. Muniz reported that prisoners in the facility in which he resided had regularly been placed in lockdowns "suspending all privileges and overlooking rights."  Rec. doc. 47, at 2.  He

reminded the court that he had filed change of address forms in December 2005 and January 2006, and he argued that these documents demonstrated his good faith belief that the court had not yet ruled on the defendants' motion to dismiss. Accordingly, Mr. Muniz asked the court to allow him to file an appeal of the district court's rulings.

The district court interpreted Mr. Muniz's request as a motion to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure and denied the motion. Mr. Muniz now appeals that decision.

## II. DISCUSSION

Mr. Muniz's appeal involves the interpretation Rule 4(a)(6) of the Federal Rules of Appellate Procedure. We therefore examine the district court's decision de novo. See Garrett v. Fleming, 362 F.3d 692, 695 (10th Cir. 2004). Upon considering the text of Rule 4(a)(6), we agree with the district court's denial of Mr. Muniz's motion.

Rule 4 of the Federal Rules of Appellate Procedure provides that, with certain exceptions not applicable here, "[i]n a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(6),

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(emphasis added).

Rule 4(a)(6) thus sets a 180-day deadline for filing a motion to reopen the time to file an appeal, even though a party may not have received actual notice of a district court ruling until after the 180 days have elapsed. See Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000) (stating that the 180-day limit is "specific and unequivocal"). We have explained that "[t]he essence of Rule 4(a)(6) is finality of judgment" and that "[w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." Id. at 1041. "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." Id. at 1040.

Mr. Muniz's motion to reopen the time to file an appeal was filed well beyond the 180-day period. His arguments about his lack of notice of the district court's rulings are therefore unavailing. Although, in certain circumstances, a

prisoner's failure to receive legal documents may support a First Amendment claim for denial of access to the courts, such a claim is not before us here. <u>See</u> <u>Simkins v. Bruce</u>, 406 F.3d 1239, 1242-43 (10th Cir. 2005) (noting that a plaintiff prisoner alleging denial of access to the courts based on a failure to receive legal mail must allege intentional conduct interfering with that mail—but not malicious motive—and "actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim") (internal quotation marks and alterations omitted).

<u>III. CONCLUSION</u>

Accordingly, we AFFIRM the district court's decision denying Mr. Muniz's "Motion to File Retarded Appeal."

Entered for the Court,


Robert H. Henry
Chief Circuit Judge