**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUSTIN JAMES HINZO,

        Plaintiff - Appellant,

v.

NEW MEXICO CORRECTIONS
DEPARTMENT; JOE WILLIAMS;
GEORGE TAPIA; WEXFORD HEALTH
SOURCES, INC.; CORRECTIONAL
MEDICAL SERVICES, INC.; DR. FNU
ARNOLD; DR. WILLIAM MIZELL;
DR. TONY LNU; DR. DEBRA CLYDE;
DR. JOHN STOVER; DR. JOHN DOE
(L.C.C.F.); DR. JOHN DOE
(C.N.M.C.F.); DR. JOHN DOE
(W.N.M.C.F.); DAVID GONZALES,
Correctional Officer; WAYNE
GALLEGOS; LIANE LOPEZ, R.N.;
JERRY ROARK (Deputy Warden);
LAWRENCE JARAMILLO, Warden
P.N.M.; G.E.O.,

        Defendants - Appellees.

No. 13-2060
(D.C. No. 1:10-CV-00506-JB-CG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this Court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The appeal is therefore ordered submitted without oral argument.

     This order and judgment does not constitute binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BACHARACH**, Circuit Judge.

Mr. Justin James Hinzo, a state prisoner, sued the New Mexico Corrections Department, Wexford Health Sources, Inc., Correctional Medical Services, Inc., G.E.O., and fifteen individuals. Invoking 42 U.S.C. § 1983 and state law, Mr. Hinzo alleges violations of the Eighth Amendment and negligence. The district court entered judgment for the defendants on the federal claims and declined to exercise supplemental jurisdiction over the state-law claims. Mr. Hinzo appeals and moves for leave to proceed in forma pauperis. We affirm the district court's judgment, but grant Mr. Hinzo's motion to proceed in forma pauperis.

### Background

In 2004, while incarcerated, Mr. Hinzo slipped and hurt his back while climbing off his top bunk bed. In 2009, less than two days after undergoing back surgery, he sustained a second back injury while riding in a van driven by Corrections Officer David Gonzales. Later, Mr. Hinzo fell on icy prison steps, which aggravated his back problems. He ultimately sued, filing a third amended complaint in which he complained about unsafe conditions and inadequate medical care.

On screening, the district court dismissed the Eighth Amendment claims against the state corrections department and five of its employees. The court also expressed concern that some of Mr. Hinzo's claims might be barred by a three-year

statute of limitations. With this concern, the court ordered Mr. Hinzo to submit evidence to justify tolling on the claims arising before December 31, 2006.

The New Mexico Corrections Department, Wexford, and Correctional Medical Services submitted investigative reports, but then asked the court to consider them as summary judgment motions. The district court granted the motions on the Eighth Amendment claims involving: (1) G.E.O.'s breach of a duty to provide a safe environment by operating a facility that lacked ladders to top bunk beds, (2) failure to provide adequate medical care, and (3) deliberate indifference to health and safety when Correctional Medical Services and Officer Gonzales discharged Mr. Hinzo from the hospital earlier than recommended and transported him in an unsafe manner.

In addition, the district court: (1) dismissed the claims against Officer Gonzales for failure to exhaust administrative remedies, (2) dismissed with prejudice the G.E.O. claim on the ground that it was untimely, (3) dismissed without prejudice all state-law claims, and (4) denied as moot Mr. Hinzo's motion for summary judgment.

Mr. Hinzo appealed. Because Mr. Hinzo proceeds pro se, we construe his arguments liberally but do not assume the role of his advocate. *See United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012).

### Denial of Motions for Appointment of Counsel

Throughout his appellate brief, Mr. Hinzo contends that the district court should have appointed him counsel. He asserts that the denial of counsel "severely

- 3 -

prejudiced" him because he needed an attorney to obtain expert testimony or other evidence. Aplt. Opening Br. at 3. He also claims that not having counsel "prejudiced" him because counsel would "have [had] access to caselaw, statutes etc." *Id.* at 6.[1]

We are unpersuaded. The district court evaluated the relevant factors and determined that Mr. Hinzo did not meet his burden. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). In this evaluation, the court found that Mr. Hinzo's filings demonstrated his ability to provide supporting facts and that he was able to express familiarity with legal concepts like statutes of limitations, motions to amend, exhaustion of administrative remedies, and injunctive relief. Therefore, we conclude that the district court did not abuse its discretion in denying Mr. Hinzo's motions for appointment of counsel. *See id.* (stating that the district court's refusal to appoint counsel for an indigent inmate in a civil case is reviewed for an abuse of discretion).

### Mr. Hinzo's Remaining Arguments on Appeal

Mr. Hinzo also challenges the district court's: (1) dismissal of his claims against the state department of corrections and five of its employees, (2) denial of

---

[1]     He also argues that the prison library is inadequate, but made that argument for the first time in his objections to the magistrate judge's report. Thus, the district judge properly deemed this argument waived. *Hinzo v. N.M. Dep't of Corrs.*, No. CIV 10-0506 JB/CG, 2013 WL 1657915 at *2, *10 (D.N.M. Mar. 29, 2013); *see United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

relief involving the 2004 back injury (which presumably constitutes a challenge to the district court's dismissal of his claim against G.E.O.), and (3) award of summary judgment to Officer Gonzales, Correctional Medical Services, and its employees.

We engage in de novo review of most of the challenged rulings. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001) (§ 1915A dismissal and summary judgment); *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998) (timeliness determination); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (failure to exhaust administrative remedies). But we review the district court's refusal to apply equitable tolling for an abuse of discretion. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004). On this issue, however, Mr. Hinzo bears the burden of proof. *See Roberts v. Barreras*, 484 F.3d 1236, 1241-42 (10th Cir. 2007).

We affirm the dismissals and summary-judgment rulings for substantially the same reasons stated by the magistrate judge and the district judge.

## Application for Leave to Proceed In Forma Pauperis

We grant Mr. Hinzo's motion for leave to proceed in forma pauperis. Mr. Hinzo remains obligated to make partial payments on his filing fee until it is paid in full.

**Conclusion**

We affirm the district court's rulings,[2] but grant Mr. Hinzo's motion for leave

to proceed in forma pauperis.


Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]     The dismissal of an unexhausted claim is ordinarily without prejudice, rather than with prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).  Here, however, Mr. Hinzo's unexhausted federal claim against Officer Gonzales is procedurally defaulted because the deadline expired for an informal grievance. *See* Supp. R., Vol. 3 at 106 (New Mexico Corrections Department grievance policies and procedures) (stating that an informal complaint must be filed "within five calendar days from the date" of the alleged wrongdoing). Thus, on the claim against Officer Gonzales, the dismissal with prejudice was proper. *See Kikumura*, 461 F.3d at 1289 (observing that "procedurally defaulted" claims "may be dismissed . . . . with prejudice").