**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JASON J. NICHOLSON,

    Plaintiff - Appellant,

v.

SCOTT BESSENT, Secretary of the
Treasury; INTERNAL REVENUE
SERVICE,

    Defendants - Appellees.

No. 25-4142
(D.C. No. 1:25-CV-00049-AMA)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

After examining the appellant's brief and appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Jason Nicholson appeals from an order of the district court dismissing his

action with prejudice as untimely. *See* R. at 27 n.5 (citing 29 C.F.R. § 1614.310(d)).

In so doing, the district court denied Nicholson's request to equitably toll the

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

limitations period based on a whistleblower claim Nicholson filed in the United

States District Court for the District of Utah. R. at 28 (identifying that prior case as

1:24-cv-00090). The district court concluded Nicholson could not use 1:24-cv-00090

to toll the limitations period in the instant action because 1:24-cv-00090 was also

untimely filed. R. at 28. Nicholson appeals.

This court exercises appellate jurisdiction pursuant to 28 U.S.C. § 1291. This

court reviews the district court's interpretation of 29 C.F.R. § 1614.310(d), including

its timeliness requirement, de novo. *See Harms v. I.R.S.*, 321 F.3d 1001, 1009 (10th

Cir. 2003). The district court's refusal to apply equitable tolling is reviewed for abuse

of discretion. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004).

In his brief on appeal, Nicholson does not argue that the district court erred as

to any of its calculations of when the applicable limitations period expired. Instead,

he asserts the district court erred in concluding 1:24-cv-00090 was not timely filed.

According to Nicholson, he previously sent to the district court a "copy of postmark

showing that it was timely filed." Appellant's Opening Br. at 2. The problem for

Nicholson is two-fold. First, the document he identifies was attached to a misdirected

notice of appeal filed in this court. R. at 32-34. Although this court redirected the

misdirected notice of appeal to the district court pursuant to Fed. R. App. P. 4(d),

Nicholson has not identified any authority indicating the district court erred in

declining to consider materials attached to a notice of appeal. Second, and more

fundamentally, Nicholson has not identified any authority indicating a mailbox rule

applies to non-prisoners. Indeed, "a large body of . . . authority has rejected the

2

general argument that a notice of appeal is 'filed' at the moment it is placed in the mail addressed to the clerk of the court-this on the ground that *receipt* by the district court is required." *Houston v. Lack*, 487 U.S. 266, 274 (1988) (adopting a mailbox rule in the context of prisoner filings, but noting such rule does not "disturb" the general rule that receipt by the district court is required in civil cases to count as filing). As the district court correctly noted, the complaint he filed in 1:24-cv-00090 was received by the Clerk of the United States District Court for the District of Utah on May 29, 2024, well past the May 1, 2024, deadline set out in § 1614.310(d). R. at 28. Because 1:24-cv-00090 was not timely filed, the district court did not abuse its discretion in concluding that case could not serve as a basis to equitably toll the § 1614.310(d) limitations period in this case.

For those reasons set out above, the order of the United States District Court for the District of Utah dismissing Nicholson's action with prejudice is hereby **AFFIRMED**.

Entered for the Court


Michael R. Murphy
Circuit Judge

3