**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADRIAN D. LIVINGSTON,

    Plaintiff - Appellant,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY;
WYANDOTTE COUNTY BOARD OF
COUNTY COMMISSIONERS; ADAM
SOKOLOFF; TAYLOR HINES; (FNU)
SANDERS; (FNU) CONTRERAS;
DONALD ASH; DAVID THAXTON;
CHARLES PATRICK; DWIGHT
BAXTON,

    Defendants - Appellees,

and

TRACY MCCULLOUGH,

    Defendant.

No. 25-3041
(D.C. No. 5:23-CV-03032-EFM-BGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff Adrian D. Livingston, an inmate in the Kansas Department of Corrections, filed a pro se lawsuit under 42 U.S.C. § 1983 arising from his arrest and conviction on criminal drug charges.  The district court dismissed several of his claims at the outset under the screening process required by 28 U.S.C. § 1915(A) and later dismissed his remaining claims at the summary judgment stage.  Mr. Livingston now appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

Two Kansas City, Kansas police officers stopped Mr. Livingston for a seatbelt violation in June 2019.  One of the officers thought he smelled marijuana, conducted a search, and found drugs under the passenger seat.  Mr. Livingston was taken into custody at the Wyandotte County Detention Center (WCDC) and was released on bond in November 2019, only to be returned to custody in August 2020 after failing to appear for a court date.  During his pretrial detention, Mr. Livingston alleges he was held in a cell without adequate ventilation for 23 days and contracted COVID-19.

Mr. Livingston was charged with three drug counts:  possession with intent to distribute opiates, possession with intent to distribute a depressant, and possession of marijuana.  After a one-day trial, the jury acquitted Mr. Livingston on the first two counts and found him guilty on the third.  He was sentenced to time served but was not immediately released because WCDC's inmate management system, known as BluHorse, inaccurately reflected that there was still an active detainer for

Mr. Livingston.  Later the WCDC discovered that the detainer had expired, and Mr. Livingston was released 41 hours after the trial ended.

Mr. Livingston then filed his § 1983 lawsuit against Wyandotte County, numerous law enforcement officials and WCDC personnel, and the two prosecutors who tried the case.  Some of his claims were based on the initial traffic stop, arrest, detention, and subsequent prosecution.  They included a Fourth Amendment claim based on unreasonable search and seizure; conspiracy; malicious prosecution; fabrication of evidence; abuse of process; and a condition-of-confinement claim.  He also asserted claims based on his two days of detention after the trial.  These claims included supervisory liability, conspiracy, and a claim against Wyandotte County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

At the screening stage, the district court dismissed Mr. Livingston's claims arising from the traffic stop, arrest, and pretrial detention.  It later granted summary judgment against Mr. Livingston on his remaining claims.  This appeal followed.

## II.  Discussion

### A.  Malicious Prosecution and Fabrication of Evidence Claims

Mr. Livingston contends the district court erred in dismissing at the screening stage his claims for malicious prosecution and fabrication of evidence.  We review de novo a district court's § 1915A dismissal for failure to state a claim.  *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

A malicious prosecution claim requires, among other things, a showing that "no probable cause supported the arrest, confinement, or prosecution."  *Shrum v.*

3

*Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). Mr. Livingston insists that the traffic stop leading to his arrest and prosecution was not supported by probable cause because although the police officers initially stopped him for not wearing a seat belt, no citation ever issued. But the district court correctly held that whether a citation was issued is irrelevant. A traffic stop is not rendered invalid if it develops into something more serious—such as the discovery of drugs under the passenger seat— and the officers do not issue a citation for the violation that initially justified the stop. Indeed, the Supreme Court has held that "a traffic-violation arrest . . . would not be rendered invalid by the fact that it was a mere pretext for a narcotics search." *Whren v. United States*, 517 U.S. 806, 813 (1996) (internal quotation marks omitted). We therefore reject Mr. Livingston's argument that the district court erred in holding that his allegations failed to establish there was no probable cause for his arrest.[1]

Mr. Livingston's fabrication-of-evidence claim fails for similar reasons. Such a claim requires the plaintiff to show that the use of the fabricated evidence deprived the plaintiff of liberty. *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021). But as discussed above, whether the officers issued a citation (which Mr. Livingston

---

[1] We reject Mr. Livingston's arguments concerning prosecutorial immunity for the same reason. He asserts the prosecutors are not immune from liability because they asserted "false probable cause evidence" in insisting that a citation had issued. As discussed above, however, whether a citation was issued has nothing to do with whether there was probable cause for his arrest. In any event, the district court held that Mr. Livingston's argument was foreclosed by *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1210 (10th Cir. 2022). Mr. Livingston does not challenge the district court's reasoning, which is based on *Chilcoat*, and we see no basis for such a challenge.

seems to frame as the alleged fabrication) was irrelevant to whether there was probable cause for his arrest and prosecution. We agree with the district court's characterization that Mr. Livingston "attempts to force the facts into a fabricated evidence claim to further argue about the motivation for the traffic stop." R. at 174.

In short, we reject Mr. Livingston's argument that the district court erred in dismissing his claims for malicious prosecution and fabrication of evidence.

### B. Statute of Limitations

The district court dismissed as time-barred Mr. Livingston's Fourth Amendment and conspiracy claims based on unreasonable search and seizure. Because the arrest occurred in June 2019, and Mr. Livingston filed his complaint more than three years later in February 2023, the district court held that the claims were barred by the applicable two-year statute of limitations. We review de novo the district court's analysis. *See Young*, 554 F.3d at 1256.

Mr. Livingston argues that the district court erred in concluding that his claims accrued on the date of his arrest. Instead, he contends the claims accrued on September 21, 2021—the day the trial ended. We reject this argument. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (internal quotation marks omitted). Mr. Livingston has presented no grounds for overcoming this presumption.

5

## C.  Supervisory Liability and *Monell* Claims

The district court granted summary judgment against Mr. Livingston on his

*Monell* and supervisory liability claims.  We review de novo the district court's

summary judgment decision.  *Simpson v. Little*, 16 F.4th 1353, 1360 (10th Cir. 2021).

The elements of a supervisory liability claim include (1) personal involvement,

(2) causation, and (3) a culpable state of mind equal to that required to establish the

underlying constitutional violation.  *Schneider v. City of Grand Junction Police

Dep't*, 717 F.3d 760, 767, 769 (10th Cir. 2013).  The district court held there was no

genuine issue of material fact concerning the defendants' lack of personal

involvement in Mr. Livingston's detention.  Mr. Livingston argued the defendants

personally participated through their ratification and implementation of a department

policy governing detention and release of inmates at the WCDC.  But the district

court noted defendants' submission of affidavits, including from the records

custodian, averring that Mr. Livingston was kept in custody for two days after his

trial because someone had failed to correctly update the BluHorse system to reflect

the expiration of a detainer.  The district court therefore concluded Mr. Livingston's

detention was caused by an individual error and not by the implementation of any

policy.  We discern no error in the district court's conclusions, and we reject

Mr. Livingston's conclusory arguments to the contrary.

The district court rejected the *Monell* claim for the same reason.  In order to

succeed on such a claim, the plaintiff must show that a county employee committed a

constitutional violation, and that a county policy or custom was the moving force

behind the constitutional deprivation. *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014). As noted above, the unrebutted affidavits showed the county's policy was not the "moving force" behind Mr. Livingston's detention after the trial. Accordingly, the district court granted summary judgment in the defendant's favor. We agree with the district court's conclusion.[2]

### D. Admissibility of Affidavits

Mr. Livingston also argues that the district court erred in considering the affidavits defendants submitted in support of their motions for summary judgment. Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that a party may object to the admissibility of material presented in support of a motion for summary judgment. We review a district court's ruling on the admissibility of evidence under that rule for an abuse of discretion. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "[I]f [the] evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Id.*

---

[2] Mr. Livingston filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, arguing the BluHorse system itself constituted a policy and that there was a custom or policy of allowing deputies the discretionary authority to make decisions on routine matters in BluHorse without supervisory input. The district court, citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), declined to consider these arguments because they had not been raised earlier. But even if this court were to consider the argument, Mr. Livingston did not plausibly allege that BluHorse was implemented or maintained with deliberate indifference. *See Schneider*, 717 F.3d at 770. In fact, the unrebutted affidavits showed that employees were thoroughly trained on the system.

The defendants submitted affidavits of individuals who provided information, based on personal knowledge, about the BluHorse system. Mr. Livingston argues the affidavits were hearsay, but he offers no support for that assertion. In fact, in each of the affidavits, the affiants described their familiarity with the BluHorse system based on their employment with the Wyandotte County Sheriff's Office. Mr. Livingston also contends that the custodian's affidavit is factually incorrect, but that has nothing to do with its admissibility. In short, the district court acted within its discretion in finding the affidavits admissible for purposes of Rule 56(c)(2).

## E. Denial of Motion to Amend

Mr. Livingston contends the district court should have granted him leave to amend his complaint to add as John Doe defendants the individuals who failed to update the BluHorse system to reflect the expiration of the detainer. The district court denied Mr. Livingston's motion on the ground that it would have been futile. "We review a denial of leave to amend a complaint for abuse of discretion," *SCO Group, Inc. v. Int'l Bus. Machs. Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018), but when the denial is based on a determination that amendment would be futile, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility," *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks omitted).

The district court held that amendment would have been futile because Mr. Livingston's claims against the John Doe defendants were time-barred. His detention ended on September 23, 2021, and he did not file his motion to amend until

after the expiration of the two-year statute of limitations.  Mr. Livingston argued to the district court that his proposed claims were not time-barred because under Rule 15(c) of the Federal Rules of Civil Procedure, his lack of knowledge of the defendants' identities was a legally cognizable mistake that tolled the statute of limitations.  The district court rejected the argument, citing *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004), which held that "a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of" the rule, *id.* at 696 (internal quotation marks omitted).  On appeal, Mr. Livingston does not challenge the district court's reasoning based upon *Garrett*, and we agree with the district court's conclusion.

### F.  Denial of Discovery

Mr. Livingston argues the district court erred in denying his motion for discovery.  Rule 56(d) of the Federal Rules of Civil Procedure provides that the district court may allow discovery if the nonmovant shows that he cannot present facts essential to justify opposition to the motion for summary judgment.  We review a district court's denial of a request for such discovery for an abuse of discretion. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015).

The district court denied Mr. Livingston's discovery request because the interrogatories and requests for production of documents he sought to propound were either irrelevant to the dispositive issues in the motions for summary judgment or were rendered moot by the affidavits and other documents the defendants attached to their summary judgment motions.  Although Mr. Livingston lists topics he would

9

have covered in depositions of the defendants, he only speculates that the answers would have been favorable to his claims. "[I]t is insufficient for the [nonmovant] to merely assert that additional discovery is required to demonstrate a factual dispute." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). Again, we discern no error in the district court's denial of Mr. Livingston's Rule 56(d) request.

## G. Conditions-of-Confinement Claim

The district court reviewed Mr. Livingston's conditions-of-confinement claim under § 1915A and dismissed it for failure to state a claim upon which relief may be granted. We review such a dismissal de novo. *Young*, 554 F.3d at 1256.

"An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The objective component requires conditions so serious that they "deprive inmates of the minimal civilized measures of life's necessities" or "constitute a substantial risk of serious harm." *Id.* (internal quotation marks omitted). "The subjective component requires that a defendant . . . have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* On the subjective component, "an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (internal quotation marks omitted).

10

Mr. Livingston alleged that the defendants employed at WCDC were deliberately indifferent by housing him in a cell with inadequate ventilation for 23 days, and that he contracted COVID-19 as a result. He also alleged that after he was diagnosed with the virus, he was quarantined in a cell that he was not allowed to sanitize and denied clean laundry, showers, and cleaning supplies for two weeks. The district court dismissed the claim because Mr. Livingston had not plausibly alleged that the defendants disregarded a substantial risk of harm, or that they were aware of facts from which they could infer a substantial risk of harm existed and drew that inference. Mr. Livingston disagrees with the district court's reasoning, but his appellate arguments amount to no more than conclusory assertions. We find no error in the district court's analysis.

### III.  Conclusion

We affirm the judgment of the district court. We grant Mr. Livingston's motion to proceed on appeal without prepayment of costs of fees (Dkt. 14), and we remind Mr. Livingston that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Allison H. Eid
Circuit Judge