FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRIAN HICKS,

     Plaintiff - Appellant,

v.

SPRINT NEXTEL CORPORATION;
SPRINT NEXTEL COMPANY, L.P.;
SPRINT COMMUNICATIONS
COMPANY, L.P.; SPRINT SPECTRUM,
L.P.,

     Defendants - Appellees.

No. 16-1130
(D.C. No. 1:14-CV-02857-RBJ-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Colorado State prisoner Brian Hicks appeals the district

court's dismissal of his civil action under the Stored Communications Act, 18 U.S.C.

§§ 2701-2712 (SCA). Because the district court correctly concluded Hicks brought

his claim outside the SCA's two-year limitations period, we affirm.

___

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Hicks' pro se filings, but it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

This civil action arises from Hicks' 2011 Colorado murder conviction. In that proceeding, the State alleged that Hicks, while in jail pending other charges, solicited two gunmen to murder a would-be witness against him. Hicks maintained that the alleged gunmen's cell phone records would show they weren't in the vicinity of the murder when it was committed and would thus prove Hicks' innocence.

The State asserted through grand jury testimony that its efforts to obtain these records from Sprint[2] were unsuccessful. According to Sprint, its internal policy was to preserve records for only two months. Sprint informed the State that it purged the requested records before the State made its preservation request. But when Hicks contacted Sprint sometime before trial to ask about the records, it informed him that its policy had always been to preserve records for up to two years and that it had, in fact, provided the cell records to the State. At trial, Sprint representative Kerri Scarbo testified that Sprint didn't implement the two-year preservation policy until after the murder. Thus, contrary to what Sprint previously told Hicks, Scarbo testified that Sprint purged the records before it received the State's preservation request and couldn't have provided them to the State.

The jury found Hicks guilty in February 2011. Hicks filed his complaint in this action on October 20, 2014. His sole claim is that Sprint violated the SCA by failing to preserve and produce the cell phone records which, according to Hicks, would have proven his innocence.

___

[2] We refer to defendants Sprint Nextel Corporation, Sprint Nextel Company, L.P., Sprint Communications Company, L.P., and Sprint Spectrum, L.P., collectively as "Sprint."

The SCA requires wire or electronic communications service providers, "upon the request of a governmental entity, [to] take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process." 18 U.S.C. § 2703(f)(1). The SCA also authorizes governmental entities to obtain certain cell phone records from providers upon issuance of a warrant. § 2703(c)(1)(A). Hicks alleges that Sprint—contrary to Scarbo's testimony at trial— hadn't yet purged the cell phone records when it received the State's preservation request.[3] Hicks asserts that Sprint either subsequently purged the records in violation of § 2703(f)(1) or failed to produce them to the State as required by § 2703(c).

Sprint moved to dismiss Hicks' claim as time-barred.[4] The SCA provides that "[a] civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." *Id.* § 2707(f). Sprint argued that Hicks had a reasonable opportunity to discover the alleged SCA violation on January 31, 2011, when Scarbo (1) testified that Sprint previously gave Hicks wrong information and (2) maintained that Sprint never produced the cell records to the State. Sprint thus argued the SCA's limitations period expired on January 31, 2013.

---

[3] Because this appeal concerns a dismissal under Fed. R. Civ. P. 12(b)(6), we accept Hicks' allegations as true and construe them in his favor. *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012).
[4] Sprint also argued that Hicks has no private cause of action under the SCA and that he failed to adequately plead a violation of § 2703(f). The district court declined to reach these arguments in light of its ruling on the limitations issue. Because we affirm the district court's ruling that Hicks' claim is time-barred, we likewise decline to reach these arguments.

Hicks responded that his SCA claim didn't accrue until 2013, when he received a copy of the trial record. He alternatively argued that, even if his claim accrued in 2011, the limitations period should be tolled under the discovery rule and the doctrines of equitable estoppel and fraudulent concealment.

The district court rejected Hicks' arguments and concluded that he had a "reasonable opportunity to discover the violation" on January 31, 2011. R. vol. 1, 718. And because Hicks didn't file his complaint until October 20, 2014—more than three years later—the district court dismissed his action as time-barred. Hicks then filed a motion for reconsideration, which the district court denied.

Hicks appeals, challenging the district court's dismissal of his claim as time-barred and renewing the arguments he made in district court. Hicks also argues that the district court erred in denying his motion for reconsideration.

"We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). And "[w]e review the district court's refusal to apply equitable tolling for an abuse of discretion." *Id.* (quoting *Garrett v. Fleming,* 362 F.3d 692, 695 (10th Cir. 2004)). Although the statute of limitations defense is an affirmative defense, a district court may grant a Rule 12(b)(6) dismissal when it's clear from the face of the complaint that the plaintiff's claim is time-barred. *Sierra Club v. Okla. Gas & Elec. Co.*, 816

4

F.3d 666, 671 (10th Cir. 2016); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).[5]

After considering the parties' arguments, we affirm for substantially the reasons stated in the district court's order.[6] And we affirm the district court's denial of Hicks' motion for reconsideration for the same reasons.[7]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[5] Contrary to Hicks' assertion, the district court may also decide the applicability of equitable tolling as a matter of law when, as here, there are no fact issues for the jury to determine. *King & King Enters. v. Champlin Petrol. Co.*, 657 F.2d 1147, 1155 (10th Cir. 1981).

[6] We acknowledge Hicks' argument that the district court applied the wrong fraudulent-concealment test. But the district court's conclusion that Hicks had a "reasonable opportunity to discover" his SCA claim despite Sprint's alleged misconduct, R. vol. 1, 718, yields the same result under the applicable test. *See King & King Enters.*, 657 F.2d at 1154 (requiring party alleging fraudulent concealment to demonstrate that party didn't know of, and couldn't have discovered by due diligence, potential cause of action). Thus, the district court's failure to apply the correct test was harmless.

[7] Although Hicks takes issue with the brevity of the district court's minute-order denial, "a trial court's decision [denying a Rule 59(e) motion] will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). We can't say the district court did so here.